IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NEUROLOGY CONSULTANTS OF NEBRASKA, P.C., a professional domestic corporation,, <br><br> Plaintiff, <br><br> v. <br><br> WELLS FARGO BANK, N.A., <br><br> Defendant. | Case No. <br><br> NOTICE OF REMOVAL |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Wells Fargo Bank, N.A. ("Defendant") hereby removes the above-captioned action to the United States District Court for the District of Nebraska. In support of this Notice of Removal, Defendant states as follows:

1. On July 14, 2025, Plaintiff Neurology Consultants of Nebraska, P.C. (hereinafter, "Plaintiff"), filed the Complaint in the above-entitled action in the District Court of Douglas County, Nebraska. Plaintiff served the Defendant with copies of the Summons and Complaint on August 4, 2025. To the extent there was insufficient process or insufficient service of process of the Summons or Complaint, this Defendant does not waive and expressly preserves any such arguments.

2. This Notice of Removal is timely because it is filed within 30 days of service of the Complaint and Summons upon Defendant. *See* 28 U.S.C. § 1446(b)(1); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354–56 (1999).

3. As set forth below, Defendant has satisfied all jurisdictional and procedural requirements for removal of this action. Jurisdiction exists under 28 U.S.C. § 1332(a) because:

(1) there is complete diversity of citizenship; and (2) the amount in controversy as alleged by Plaintiff exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . .").

## NATURE OF ACTION

4.  On July 14, 2025, Plaintiff commenced this action in the District Court of Douglas County, Nebraska, by filing the Complaint entitled *Neurology Consultants of Nebraska, P.C. v. Wells Fargo Bank, N.A.* The Complaint asserts a claim for conversion relating to the deposit of checks totaling $646,048.87. Plaintiff alleges that the checks were addressed to Plaintiff, but were deposited into an account owned by Plaintiff's employee, Tina Bracha, at Wells Fargo. The Summons and Complaint are attached as **Exhibit A** to the Declaration of Megan McCurdy being filed contemporaneously herewith..

## TIMELINESS OF REMOVAL

5.  Plaintiff filed the Complaint in Douglas County District Court, State of Nebraska, on July 14, 2025. A copy of the Summons and Complaint was served on Wells Fargo via first class and overnight mail on August 4, 2025. To the extent there was insufficient process or insufficient service of process of the Summons or Complaint, Defendant does not waive and expressly preserve any such arguments.

6.  In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is timely filed because it is filed within 30 days of Defendant being served with the Summons and Complaint. *See Murphy Bros.*, 526 U.S. at 354–56.

## PROPRIETY OF VENUE

2

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because Douglas County District Court, Nebraska, in which the Complaint was filed, is a state court within this federal district.

8. Venue is also proper pursuant to 28 U.S.C. § 1391(b)(2), because this federal district is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Plaintiff alleges that the matters alleged in the Complaint occurred in Douglas County, Nebraska. Compl. ¶ 6. This federal district is coextensive with the boundaries of the State of Nebraska, and thus includes the site of the incident(s) giving rise to Plaintiff's claim.

## BASIS FOR REMOVAL – DIVERSITY JURISDICTION

9. An action may be removed to federal district court if it falls within the Court's original jurisdiction. *See* 28 U.S.C. § 1441(a). The federal removal statute provides, in relevant part, that "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *Id.*

10. As relevant here, a federal district court has original diversity jurisdiction over a case if "the matter in controversy exceeds the sum or value of $75,000" and the case "is between . . . citizens of different States." 28 U.S.C. § 1332(a). As explained below, this case satisfies both requirements.

**I. The Relevant Parties Are Completely Diverse.**

11. "Diversity jurisdiction under 28 U.S.C. § 1332 requires . . . complete diversity of citizenship among the litigants." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619–20 (8th Cir. 2010). "Complete diversity of citizenship exists where no defendant holds citizenship in the

same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

### A. Complete Diversity Exists Between Plaintiff and Defendant.

12. In this case, there is complete diversity between Plaintiff and Defendant.

13. Plaintiff is, and at all times relevant was, a citizen of Nebraska. "[A] professional corporation is to be treated like other corporations for purposes of determining the presence or absence of diversity jurisdiction." *Cote v. Wadel,* 796 F.2d 981, 983 (7th Cir.1986). And, for the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); *Tyler v. Nightengale*, 2007 WL 4287492, at *1 (D. Neb., Dec. 5, 2007, No. 4:07CV3132). The Complaint alleges that Plaintiff "is a Nebraska professional corporation." Compl. ¶ 1. Additionally, the Nebraska Secretary of State's Corporate & Business Search identifies Plaintiff's "principal office address" as being located in Omaha, Nebraska.

14. Wells Fargo Bank, N.A. is, and at all times relevant was, a citizen of the state of South Dakota, with its main office in Sioux Falls, South Dakota. *See Rouse v. Wachovia Mort.*, FSB, 747 F.3d 707, 715 (9th Cir. 2014) (holding that "Wells Fargo is a citizen only of South Dakota" because "under § 1348, a national banking association is a citizen only of the state in which its main office is located.").

15. Therefore, there is complete diversity of citizenship between Plaintiff and Defendant. *See OnePoint Solutions*, 486 F.3d at 346.

## II. The Complaint Alleges More than $75,000 in Controversy.

16. In addition to complete diversity, "[d]iversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000." *In re Prempro Prods.*, 591 F.3d at 619.

The party asserting federal jurisdiction has the burden of proof to show that the required amount in controversy is met. *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969). In assessing whether more than $75,000 is in controversy in a case, "the jurisdictional fact is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are." *Grawitch v. Charter Commc'ns, Inc.*, 750 F.3d 956, 959 (8th Cir. 2014) (cleaned up).

17.  Here, Plaintiff alleges that the alleged check scheme that is the subject of the Complaint "resulted in at least $646,048.87 in damages to Plaintiff…." Compl. ¶ 16. The Eighth Circuit has held that "a complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction" for purposes of 28 U.S.C. § 1332. *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010) (internal quotation marks omitted); *see also* 28 U.S.C. § 1332(a)(1) (providing that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States"). Defendant has no reason to believe that Plaintiff made this allegation in bad faith.

## COMPLIANCE WITH OTHER REMOVAL REQUIREMENTS

18.  Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly file a copy of this Notice of Removal and its accompanying Exhibits with the Clerk of Douglas County District Court, State of Nebraska, and will serve a copy of the same on Plaintiff.

19.  This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11, as required by 28 U.S.C. § 1446(a).

20.  Defendant reserves the right to supplement or amend this Notice of Removal.

21. Defendant reserves all defenses and objections available under applicable law, and the filing of this Notice of Removal is subject to, and without waiver of, any such defenses or objections.

## REQUEST FOR PLACE OF TRIAL

22. Pursuant to Local Rule 40.1, the Defendant requests trial in Omaha.

WHEREFORE, Defendant respectfully removes this action to the United States District Court for the District of Nebraska pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

DATED this 3rd day of September, 2025.

Respectfully submitted,

**STINSON LEONARD STREET LLP**

By: */s/ Megan McCurdy*
  Megan McCurdy, #27193 NSBN
  1201 Walnut Street, Suite 2900
  Kansas City, MO 64106
  Telephone: (816) 691-2649
  Facsimile: (816) 691-3495
  E-mail: megan.mccurdy@stinson.com

  Attorneys for Defendant Wells Fargo Bank, N.A.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 3rd day of September, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record. The undersigned further certifies that a copy of the foregoing was also sent to all counsel of record via email or US Mail as follows:

Sydney M. Grad
William N. Beerman
Edward D. Hotz
Pansing Hogan Ernst & Buser LLP
10250 Regency Circle, Suite 300
Omaha, NE 68114
Tele: (402) 397-5500
sgrad@pheblaw.com
Attorneys for Plaintiff

/s/ Megan McCurdy
Attorney for Defendant